**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.

VISION CANDLES HOLDING COMPANY, LLC,
a Florida limited liability company,

Plaintiff,

vs.

IBERIA FOODS, LLC,
a Delaware limited liability company,

Defendant.

_________________________________________/

**VERIFIED COMPLAINT**

Plaintiff Vision Candles Holding Company, LLC ("Plaintiff" or "Vision Candles"), sues Defendant Iberia Foods, LLC ("Defendant" or "Iberia"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a limited liability company organized under the laws of the State of Florida, with its principal place of business at 7363 NW 36th Avenue, Miami, Florida 33147.

2. Defendant is a limited liability company organized under the laws of the State of Delaware and registered as a foreign limited liability company authorized to transact business in the State of Florida.

3. Defendant's principal office is located at 12300 NW 32nd Avenue, Miami, Florida 33167, within Miami-Dade County, Florida, and Defendant regularly conducts business in this District, including the manufacture, importation, distribution, advertising, and sale of candle products bearing Plaintiff's UPC code as alleged herein.

4. This is an action for false designation of origin and unfair competition under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), together with related claims under the common law of the State of Florida and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201–501.213 ("FDUTPA").

5. This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 and 1338(a)–(b), and has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claim that they form part of the same case or controversy and arise from a common nucleus of operative fact.

6. This Court has personal jurisdiction over Defendant because Defendant is registered to transact, and regularly transacts, business in the State of Florida; maintains its principal office in Miami-Dade County, Florida; and has committed the acts of infringement and unfair competition complained of herein within this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and is subject to personal jurisdiction in this District, and because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Defendant's advertising, offering for sale, and sale of the infringing candle products at retail locations within this District.

## FACTUAL BACKGROUND

### A. Plaintiff and Its UPC Code

8. Plaintiff manufactures, markets, and sells candle products in interstate commerce, including through retail partners located throughout the United States.

9. Plaintiff is the GS1-licensed holder of GS1 Company Prefix 0186148000 and the corresponding U.P.C. Company Prefix 186148000 (the "UPC"), originally issued on November 5, 2004. A true and correct copy of Plaintiff's GS1 Company Prefix Certificate is attached hereto as Exhibit 1.

10. Plaintiff has continuously used the UPC in interstate commerce, in connection with the manufacture, marketing, distribution, and sale of its candle products, for approximately twenty years.

11. The UPC uniquely identifies Plaintiff's candle products within retailer inventory and point-of-sale systems and within the stream of commerce generally, and functions as a source and product identifier for Plaintiff's goods.

12. As a result of Plaintiff's long-standing, continuous, and exclusive use of the UPC, retailers, distributors, and consumers associate the UPC exclusively with Plaintiff's candle products, and the UPC has come to signify Plaintiff as the source of the goods it identifies.

13. Plaintiff has expended substantial time, money, and resources cultivating retail relationships and distribution channels tied to the UPC, generating valuable and exclusive goodwill in the UPC as a source identifier for Plaintiff's products.

**B. Defendant's Unauthorized Use of Plaintiff's UPC**

14. Defendant is engaged in the business of manufacturing, importing, distributing, and selling food and household products, including candle products.

15. Defendant previously purchased candle products from Plaintiff for resale. Through that prior commercial relationship, Defendant had actual knowledge that the UPC was licensed to, and uniquely identified, Plaintiff's candle products.

16. Beginning on or about mid-2025, after the parties' commercial relationship ended, Defendant began manufacturing or sourcing its own candle products — including products sourced from India — and, without Plaintiff's authorization, affixing Plaintiff's UPC to those products.

17. Defendant has advertised, distributed, and sold, and continues to advertise, distribute, and sell, candle products bearing Plaintiff's UPC, notwithstanding that those products are not manufactured, authorized, licensed, or distributed by Plaintiff.

18. Plaintiff has confirmed that Defendant's candle products bearing Plaintiff's UPC are being sold at retail, including at Walmart. True and correct copies of (i) a receipt reflecting the retail sale of Defendant's candles bearing Plaintiff's UPC and (ii) a side-by-side comparison of Plaintiff's and Defendant's products showing the identical UPC are attached hereto as Exhibits 2 and 3, respectively.

19. Because retailer inventory and point-of-sale systems rely on UPC codes to identify products, Defendant's unauthorized use of Plaintiff's UPC causes those systems — and the retailers and consumers who rely on them — to associate Defendant's candle products with those of Plaintiff, creating a false impression that Defendant's candle products are affiliated with, sponsored by, or approved by Plaintiff.

20. Defendant's unauthorized use of Plaintiff's UPC has also prevented Plaintiff and its authorized distributors from placing Plaintiff's genuine candle products into retail accounts where Defendant's misidentified products are currently being sold, because those accounts' inventory systems already associate the UPC with the product on their shelves — Defendant's. As a result, Plaintiff has been foreclosed from selling its own products into those accounts,

resulting in lost sales, lost business opportunities, and damage to Plaintiff's market position and customer relationships.

21. On information and belief, Defendant's annual sales of candle products are approximately $150,000, with an estimated profit margin of approximately 35%. Plaintiff has confirmed that Defendant's plain (unscented) candle products — which account for approximately 50% of those sales — bear Plaintiff's UPC. On that basis, Plaintiff is informed and believes that Defendant's estimated annual profit attributable to its unauthorized use of Plaintiff's UPC is approximately $26,000, a figure Plaintiff expects will be refined through discovery of Defendant's actual sales, cost, and profit records.

22. On April 9, 2026, Plaintiff's counsel sent Defendant a written cease-and-desist letter, via email and certified mail, demanding, among other things, that Defendant immediately cease using Plaintiff's UPC, remove from retail distribution all candle products bearing the UPC, provide a written accounting of all sales of candles bearing the UPC since approximately mid-2025, and compensate Plaintiff for damages and unjust enrichment. A true and correct copy of Plaintiff's counsel's April 9, 2026 letter is attached hereto as Exhibit 4.

23. Plaintiff's counsel's letter requested a response within ten days of receipt. Plaintiff's counsel thereafter followed up with Defendant by email on April 21, May 1, May 8, and May 13, 2026.

24. On April 22, 2026, a representative of Defendant responded only that she would "address this and get back to" Plaintiff's counsel. Defendant has not otherwise responded substantively to Plaintiff's demands, has not confirmed that it has ceased using Plaintiff's UPC, has not provided the requested accounting, and has not compensated Plaintiff.

25. On information and belief, Defendant has continued to receive shipments of candle products since the date of Plaintiff's cease-and-desist letter and continues to use Plaintiff's UPC in connection with the sale of those products.

26. Defendant's continued and unauthorized use of Plaintiff's UPC — after having actual knowledge, through its prior commercial relationship with Plaintiff, that the UPC belongs to and identifies Plaintiff's products, and after receiving Plaintiff's written demand to cease — is deliberate and willful.

27. Plaintiff has been, and will continue to be, damaged by Defendant's conduct. The goodwill Plaintiff has built in the UPC as a source identifier for its candle products has been, and will continue to be, irreparably damaged unless Defendant is enjoined. Plaintiff has no adequate remedy at law for this ongoing and continuing harm.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a)(1)(A))**

28. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. Defendant's unauthorized use in commerce of Plaintiff's UPC on Defendant's candle products constitutes a false designation of origin and a false or misleading description and representation of fact, that is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of Defendant's products, and is likely to cause retailers and consumers to believe, contrary to fact, that Defendant's candle products are manufactured, authorized, sponsored, or approved by, or are otherwise affiliated with, Plaintiff.

30. Defendant's conduct as alleged herein constitutes false designation of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

31. Upon information and belief, Defendant committed the foregoing acts with full knowledge of Plaintiff's prior and superior rights in the UPC and with the willful intent to trade on Plaintiff's goodwill, to cause confusion in the marketplace, and to divert Plaintiff's sales and business opportunities to Defendant.

32. Defendant's conduct is causing, and will continue to cause, immediate and irreparable injury to Plaintiff and to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

33. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and grant Plaintiff: (a) preliminary and permanent injunctive relief prohibiting Defendant's further use of Plaintiff's UPC; (b) an accounting and award of Defendant's profits, Plaintiff's actual damages, and any enhancement thereof as the Court finds just, pursuant to 15 U.S.C. § 1117(a); (c) reasonable attorneys' fees in this exceptional case pursuant to 15 U.S.C. § 1117(a); (d) prejudgment and post-judgment interest; (e) costs of suit; and (f) such other and further relief as the Court deems just and proper.

**COUNT II**
**FALSE ADVERTISING**
**(15 U.S.C. § 1125(a)(1)(B))**

34. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 27, inclusive, as if fully set forth herein.

35. Defendant's unauthorized affixation of Plaintiff's UPC to Defendant's candle products, and Defendant's subsequent distribution, advertising, and sale of those products

bearing Plaintiff's UPC to retailers and consumers, constitute a false or misleading representation of fact, made in commercial advertising or promotion, that misrepresents the nature, characteristics, and qualities of Defendant's goods.

36. Defendant's use of Plaintiff's UPC on the packaging of Defendant's candle products, disseminated to retailers — including Walmart — and to the consuming public through Defendant's retail distribution channels, constitutes commercial advertising or promotion within the meaning of 15 U.S.C. § 1125(a)(1)(B).

37. Defendant's representation, through its unauthorized use of Plaintiff's UPC, that Defendant's candle products are part of, associated with, or of the same nature, characteristics, and quality as Plaintiff's UPC-identified candle products is false and misleading, in that Defendant's candle products are not manufactured, sourced, or quality-controlled by Plaintiff.

38. Defendant's false and misleading representation is material and is likely to influence retailers' and consumers' purchasing decisions, insofar as retailers rely on the UPC to make stocking and purchasing decisions and consumers rely on the UPC-linked product identity in evaluating the products they purchase.

39. Defendant's conduct as alleged herein constitutes false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

40. Upon information and belief, Defendant committed the foregoing acts willfully and with full knowledge of Plaintiff's superior rights in the UPC.

41. Defendant's conduct is causing, and will continue to cause, immediate and irreparable injury to Plaintiff and to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

42. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and grant Plaintiff: (a) preliminary and permanent injunctive relief prohibiting Defendant's further use of Plaintiff's UPC; (b) an accounting and award of Defendant's profits, Plaintiff's actual damages, and any enhancement thereof as the Court finds just, pursuant to 15 U.S.C. § 1117(a); (c) reasonable attorneys' fees in this exceptional case pursuant to 15 U.S.C. § 1117(a); (d) prejudgment and post-judgment interest; (e) costs of suit; and (f) such other and further relief as the Court deems just and proper.

**COUNT III**
**COMMON LAW UNFAIR COMPETITION**

43. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 27, inclusive, as if fully set forth herein.

44. Defendant's conduct as alleged herein constitutes unfair competition and passing off in violation of the common law of the State of Florida.

45. Plaintiff used the UPC in commerce, and in Florida, to identify its candle products before Defendant's unauthorized adoption and use of the UPC on Defendant's own competing products.

46. Defendant's unauthorized use of the UPC to identify its own candle products is likely to cause confusion or mistake among retailers and consumers as to the source and sponsorship of the goods, and constitutes common law unfair competition.

47. Defendant's conduct was deliberate and willful, and was undertaken with Defendant's actual knowledge of Plaintiff's rights in the UPC.

48. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and grant Plaintiff preliminary and permanent injunctive relief, compensatory

and punitive damages, an accounting and disgorgement of Defendant's profits, costs of suit, and such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Vision Candles Holding Company, LLC hereby demands a trial by jury on all issues so triable.

Dated: August 19, 2026

Respectfully submitted,

/s/ Christian Sanchelima
Christian Sanchelima, Esq.
Florida Bar No. 107751
Email: chris@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
SANCHELIMA & ASSOCIATES, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

## VERIFICATION

I, Shaun Kramer, declare as follows:

1. I am a managing member of Plaintiff Vision Candles Holding Company, LLC, and I am authorized to make this verification on its behalf.

2. I have read the foregoing Verified Complaint and am familiar with its contents. The matters stated therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2026, at Miami, Florida.

Shaun Kramer

Shaun Kramer
Managing Member, Vision Candles Holding Company, LLC